

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BRYANT FILER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RICHARD KIRKLAND, Warden,<br><br>　　　　Respondent. | Case No. CV 06-2428-SGL (MLG)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

Petitioner, a California state prisoner, filed this petition for writ of habeas corpus on April 20, 2006 pursuant to 28 U.S.C. § 2254. Petitioner is challenging his June 2003 convictions of two counts of murder, (Cal. Penal Code § 187(a)); conspiracy to commit murder, (Cal. Penal Code § 182(a)(1)); and a variety of firearm, gang, multiple murder and lying in wait enhancements, (Cal. Penal Code §§ 186.22(b)(1), 12022.5(a), 12022.53(b)-(e), 190.5(a)(15), and 190.2(a)(3)). On December 4, 2003, Petitioner was sentenced to a term of life without parole plus two terms of fifty years to life on the firearm enhancements.

\\



1   Petitioner filed a direct appeal in the California Court of
2   Appeal. The convictions were affirmed. However the sentences on the
3   firearm enhancements were reduced to 25 years to life. On May 18,
4   2005, Petitioner's application for review was denied by the
5   California Supreme Court. On January 10, 2006, Petitioner filed a
6   petition for writ of habeas corpus in the Los Angeles County Superior
7   Court. That petition was pending when this § 2254 petition was
8   filed.

9   On June 6, 2006, Respondent filed a motion to dismiss the
10  petition, in which he asserts that because a portion of claim two,
11  which alleges that counsel was ineffective due to his failure to have
12  DNA evidence tested, was never presented to the California courts,
13  the petition is unexhausted and subject to dismissal as a mixed
14  petition. In addition, Respondent asserts that because there are
15  proceedings still pending in the state courts, the petition should
16  be dismissed as unexhausted. Petitioner was required to file an
17  opposition to the motion on or before July 21, 2006, but failed to
18  do so. The matter is now ready for decision.

19  The Court agrees that this petition should be dismissed without
20  prejudice as it is a mixed petition containing an unexhausted claim.[1]
21  In addition, the petition is unexhausted because there are currently
22  proceedings pending in the state courts.

23  A federal court will not grant a state prisoner's petition for
24  writ of habeas corpus unless it appears that the prisoner has
25  exhausted available state remedies as to all of the claims in the
26  petition. 28 U.S.C. § 2254(b) and (c); *Carothers v. Rhay*, 594 F.2d

---

[1] Petitioner acknowledged in the petition that this claim was never presented to the California Supreme Court. (Petition, p. 7, ¶ 8).

225, 228 (9th Cir. 1979); see *Rose v. Lundy*, 455 U.S. 509, 522 (1982). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose v. Lundy*, 455 U.S. at 518-19.

The exhaustion doctrine requires a petitioner to provide the state courts with one full opportunity to rule on his federal habeas claims before presenting those claims to the federal courts. See *O'Sullivan v. Boerckel*, 526 U.S. at 844-45; *Insyxiengmay v. Morgan*, 403 F.3d at 667. A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim. See *Duncan v. Henry*, 513 U.S. 364, 365-66, *Insyxiengmay*, 403 F.3d at 668. The petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal constitution or statutes, or by citing to federal case law. *Insyxiengmay*, 403 F.3d at 668.

The petition before the court is clearly a mixed petition, containing both exhausted and unexhausted claims, since the ineffective assistance claim relating to DNA testing was never presented to the California Supreme Court. "A district court must

dismiss habeas corpus petitions containing both exhausted and unexhausted claims." *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988); *Rose v. Lundy*, supra, 455 U.S. at 522.

In addition, where an appeal of a state conviction is pending, a would-be habeas petitioner must await its outcome before his state remedies are exhausted. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *See also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). This is because a pending state court challenge may result in the reversal of the state convictions, thereby mooting the petition. *Sherwood*, 716 F.2d at 634. Where, as here, a petitioner still has proceedings pending in the California courts relating to issues which he intends on presenting to this court in his petition, he has not yet exhausted his available state remedies.

However, Petitioner is not without options. When a mixed petition is filed, a petitioner has the choice of dismissing the petition and returning to state court to exhaust all of his remedies or dismissing the unexhausted claims and submitting only the exhausted claim for consideration. *Jefferson v. Budge*, 419 F.3d 1013, 1015-16, (9th Cir. 2005). It is therefore recommended that the petition in this case be dismissed without prejudice subject to Petitioner availing himself of one of the two options available to him. These options are:

1. Amend the petition to dismiss the unexhausted claim alleging the ineffective assistance because of counsel's failure to obtain DNA testing of evidence. The court will then order Respondent to file

an answer addressing the merits of the exhausted claims.[2]

2.  Request that the Court dismiss the current petition without prejudice to any right Petitioner may have to file a new petition once available state remedies are exhausted as to all claims. Petitioner is cautioned that 28 U.S.C. § 2244[3] limits the time period within which a new petition may be filed. He is further cautioned that the time in which this petition has been pending in this court will not be tolled.

Petitioner shall file and serve a written statement setting forth his objections to this Report or his election of option 1 or

---

[2] Petitioner may also request that the court stay proceedings while he exhausts his pending state claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1533 (2005). This procedure is appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and when his unexhausted claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. at 277, 125 S.Ct. at 1535.

[3] 28 U.S.C. § 2244 states in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

option 2 no later than September 22, 2006. **Should Petitioner elect either option one or option two, the Report and Recommendation shall be vacated and an order relating to his election shall be entered.**

**If Petitioner does not file a timely response to this order, this Report shall be submitted to the district judge for adoption.**

Dated: August 29, 2006

                                     /s/ Marc L. Goldman
                                     Marc L. Goldman
                                     United States Magistrate Judge